IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

26-CV-1877

APPROXIMATELY $30,000.00 of $30,310.00
UNITED STATES CURRENCY,

Defendant *in rem*.

# VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York and Mary Clare Kane, Assistant United States Attorney, of counsel, for its Verified Complaint *in rem* herein alleges as follows:

## NATURE OF ACTION

1. This is a civil action *in rem* pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture of the sum of $30,000.00[1] in United States currency (hereinafter the "Defendant Currency"), which was seized from 312 Franklin Avenue, Dunkirk, New York, during the execution of a search warrant on or about March 24, 2026, in Dunkirk, New York.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action commenced by the United States pursuant to Title 28, United States Code, Section 1345 and over an action for

[1]JOHNNY GOODWIN submitted a claim to the United States Drug Enforcement Administration to halt the administrative forfeiture proceedings against the Defendant Currency and requested referral for judicial forfeiture proceedings for $30,000 of the $30,310 seized.

forfeiture pursuant to Title 28, United States Code, Section 1355(a). This Court has *in rem* jurisdiction pursuant to Title 28, United States Code, Section 1355(b) because the acts or omissions giving rise to the forfeiture occurred in the Western District of New York

3. Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1395 and Title 21, United Sates Code, Section 881(j).

4. The Defendant Currency was seized on the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance and constitutes proceeds traceable to such exchange in violation of Title 21, United States Code, Section 846 and Title 21, United States Code, Section 841 and is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

5. The Defendant Currency is currently in the custody of the United States Marshals Service for the Western District of New York.

**BASIS FOR FORFEITURE**

6. In February of 2026, agents from the United States Drug Enforcement Administration ("DEA") assisted the Chautauqua County Narcotics Unit (hereinafter "CCNU") with an investigation of CHRISTOPHER MARCINKOWSKI's drug trafficking activities.

7. Law enforcement advised that they have observed CHRISTOPHER MARCINKOWSKI (hereinafter referred to as "MARCINKOWSKI"), at 312 Franklin Avenue and that MARCINKOWSKI's girlfriend lives at the residence.

8. On March 24, 2026, members of the Dunkirk Police Department, CCNU and DEA executed a New York State search warrant at 312 Franklin Avenue.

9. As the execution of the search warrant began, and after officers loudly announced their presence, an individual from the second floor of the 312 Franklin Avenue, later identified as MARCINKOWSKI, fired two rounds from a firearm, one of which struck an officer.

10. A standoff then took place for several hours. During the standoff, MARCINKOWSKI told the police negotiator, in sum and substance, that he shot the officer. After several hours, MARCINKOWSKI surrendered without further incident.

11. After the 312 Franklin Avenue was cleared, law enforcement officers executed the search warrant and seized approximately 197 grams of suspected psilocybin mushrooms, and approximately 11 pounds of suspected marijuana, both Schedule I controlled substances, from inside the residence.

12. A small amount of U.S. currency (approximately $310.00) was found in the room were the guns and drugs were located, and approximately $30,000.00 was seized from another bedroom.

13. In total, approximately $30,310 in U.S. currency (depicted below) was seized from the 312 Franklin Avenue in addition to the other drugs, paraphernalia and evidence



referenced herein.

14. Based on training and experience of law enforcement, the way the seized currency (depicted above) was rubber-banded, bundled and stored is consistent with drug proceeds.

15. A search warrant executed on telephones belonging to MARCINKOWSKI revealed the photographs (below) of MARCINKOWSKI holding what law enforcement believes is drug proceeds and a photograph of MARCINKOWSKI holding large quantity of marijuana with a person identified as Johnny GOODWIN.







16. Based on training and experience of law enforcement, the way the seized currency (depicted above) was rubber-banded, bundled and stored is consistent with drug proceeds.

17. During the search, officers observed a digital scale and a blender in the

bathroom sink upstairs, both were visibly wet and appeared to be just cleaned.







18. In an upper bedroom at in the 312 Franklin Avenue, law enforcement recovered (3) firearms near the marijuana and mushrooms: (1) a Para USA model PARA 1911 G1 Expert, .45 ACP caliber semi-automatic handgun, bearing serial number G118563; (2) S Taurus model PT92 AF, 9mm LUGER semi-automatic handgun bearing serial number L6328; and (3) a Stag Arms, model Stag-15, 5.56 MM Caliber semi-automatic rifle with an obliterated serial number.

19. According to a Special Agent and Firearms Interstate Nexus Expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, all three firearms listed above were manufactured outside of New York State and therefore traveled in interstate commerce prior to being possessed in New York State.

20. After the lengthy standoff, the cocaine residue discovered in the bathroom toilet was field tested by a law enforcement officer. It came back positive for presence of cocaine, a

Schedule II controlled substance. The suspected psilocybin mushrooms were field tested by a law enforcement officer. The test results came back positive for psylocibin; a Schedule I controlled substance.

21. Based upon training and experience of law enforcement, the quantity of psylocibin mushrooms, marijuana, and the presence of packaging material, firearms, digital scales, and currency recovered from 312 Franklin Avenue, is indicative of drug trafficking.

22. Based on the evidence found in the bathroom sink at 312 Franklin Avenue and the cocaine residue found in the bathroom toilet, law enforcement officers have reason to believe that, during the lengthy standoff, individuals inside of the residence, one of whom was MARCINKOWSKI, attempted to destroy drug evidence.

23. Based on training and experience of law enforcement, the quantity of mushrooms, marijuana, presence of digital scales, drug packaging materials, is consistent with drug trafficking and not with personal use.

24. Based on training and experience of law enforcement, 11 pounds of marijuana has an approximate street value of between $8,000 and up to $30,000 (if sold in smaller quantities such as grams or ounces). The psilocybin mushrooms have a street value of approximately $1,500 to $3,000 (if sold in smaller quantities).

25. Based upon the involvement in the overall investigation of MARCINKOWSKI, law enforcement officers formed a reasonable belief that MARCINKOWSKI operated a marijuana and cocaine trafficking organization from his residence at 312 Franklin Avenue; and that he stored and packaged quantities of marijuana and cocaine at his 312 Franklin Ave.

## INITIATION OF CIVIL JUDICIAL ACTION

26. On or about June 11, 2026, JOHNNY GOODWIN submitted a claim to the United States Drug Enforcement Administration to halt the administrative forfeiture proceedings against the Defendant Currency and requested referral for judicial forfeiture proceedings for $30,000 of the $30,310 seized.

## CONCLUSION AND REQUEST FOR RELIEF

27. Based on all of the foregoing facts, the circumstances surrounding these facts, and the experience and training of the law enforcement officers involved, there is a reasonable belief that the Defendant Currency was furnished or was intended to be furnished in the furtherance of controlled substances distribution, and/or constitutes proceeds traceable to controlled substances distribution and is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America respectfully requests that:

(1) due process issue for the arrest of the Defendant Currency;

(2) all persons having any interest therein be cited to appear and show cause why the forfeiture should not be decreed;

(3) a judgment be entered declaring the Defendant Currency condemned and forfeited to the United States of America for disposition in accordance with the law;

(4) the costs of this suit be paid to and recovered by the United States of America; and

(5) the Court grants such other and further relief as deemed just and proper.

DATED: August 31, 2026
Buffalo, New York.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: s/ Mary Clare Kane

MARY CLARE KANE
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5809
mary.kane@usdoj.gov

# VERIFICATION

**STATE OF NEW YORK)**
**COUNTY OF ERIE) ss.:**
**CITY OF BUFFALO)**

TROY BOUCKHUYT, being duly sworn, deposes and says:

I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), United States Department of Justice (DOJ), Buffalo, N.Y., and I am familiar with the facts and circumstances surrounding the seizure of the approximate sum of $30,000 of $30,310 United States currency, seized from 312 Franklin Avenue, Dunkirk, New York, on or about March 24, 2026. The facts alleged in the Verified Complaint for Forfeiture are true to the best of my knowledge and belief and based upon my personal knowledge and information furnished to me by officers and agents of Dunkirk Police Department, Chautauqua County Narcotics Unit, Jamestown Police Department and DEA, and provided to officials of the United States Department of Justice.

DATED: Buffalo, New York
August 31, 2026

TROY BOUCKHUYT
Task Force Officer
Drug Enforcement Administration

Sworn to before me this 31st day of
August, 2026.

KATHLEEN M. RIEMAN
Notary Public, State of New York
Qualified in Erie County
Reg. No. 01R149866756
My Commission Expires 9-23-2029